[Cite as *Clark v. Ohio Adult Parole Auth.*, 2016-Ohio-3383.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LEODIUS CLARK | ) | |
| | ) | |
| RELATOR | ) | |
| | ) | CASE NO. 16 BE 0005 |
| VS. | ) | |
| | ) | OPINION |
| OHIO ADULT PAROLE AUTHORITY | ) | AND |
| | ) | JUDGMENT ENTRY |
| RESPONDENT | ) | |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Mandamus

JUDGMENT:                                      Dismissed.

APPEARANCES:
For Relator                                    Leodius Clark
                                                     Inst. #A323-601
                                                     Belmont Correctional Institute
                                                     P.O. Box 540
                                                     St. Clairsville, Ohio 43950

For Defendant-Appellant                Attorney Michael DeWine
                                                     Ohio Attorney General
                                                     Attorney Kelly N. Brogan
                                                     Assistant Attorney General
                                                     150 East Gay Street, 16th Floor
                                                     Columbus, Ohio 43215

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                                     Dated:  June 13, 2016

PER CURIAM.

{¶1} Relator Leodius Clark has filed a petition for a writ of mandamus asking this Court to compel Respondent Ohio Adult Parole Authority to release him from a three-year term of incarceration and reinstate his parole. Respondent has filed a motion to dismiss.

{¶2} In Mahoning County Common Pleas Court Case No. 95CR589, Relator pleaded guilty to aggravated burglary, two counts of kidnapping, complicity to commit aggravated robbery, and involuntary manslaughter with each offense carrying an attendant firearm specification. On May 28, 1996, the trial court sentenced Relator to an indefinite term of 8 to 25 years in prison. Relator was paroled approximately 14½ years later on February 15, 2011.

{¶3} While on parole, Relator was arrested on new felony charges of heroin possession, heroin trafficking, and illegal possession of WIC benefits in Mahoning County Common Pleas Court Case No. 11CR1078. According to Relator, as a result of that arrest, he was sanctioned by Respondent on September 29, 2011, to 90 days of electronic monitoring. After pleading guilty to the new felony charges, the trial court sentenced Relator on March 22, 2013, to a three-year term of incarceration.

{¶4} On December 22, 2015, shortly before he was to be released for the three-year term he was sentenced to for Case No. 11CR1078, Respondent held a hearing regarding Relator's sentence for Case No. 95CR589. Based on Relator having incurred new felony charges after he had been released on parole in 2011, Respondent determined that Relator was not suitable for release and ordered a three-year continuance of the 8- to 25-year term of incarceration he received in Case No. 95CR589.

{¶5} In his petition for a writ of mandamus, Relator argues that Respondent sanctioned him twice for the same offense. He claims that this resulted in violations of double jeopardy, due process, and equal protection.

{¶6} A writ of mandamus is an extraordinary remedy which should be exercised by this court with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St. 3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that

relief, and (3) they have no adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections,* 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.

**{¶7}** Concerning his double jeopardy and due process claims, the Ohio Supreme Court has concluded that "jeopardy does not attach when a defendant receives a term of incarceration for the violation of conditions of postrelease control." *State v. Martello*, 97 Ohio St.3d 398, 405, 2002-Ohio-6661, 780 N.E.2d 250, 257, ¶ 26. Thus, it has been held that the Ohio Adult Parole Authority's use of the same conduct in two parole revocations does not violate a criminal defendant's double jeopardy rights. *Brown v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-797, 2010-Ohio-872, citing *Martello*, *supra*.

**{¶8}** Relator has not received multiple punishments. Rather, the expiration of his indefinite maximum sentence stemming from his conviction in Case No. 95CR89 has been and still is November 20, 2024. Neither of the sanctions changed his maximum sentence in any manner. In essence, what Relator asserts is that he had an expectation of parole after the expiration of his original 90-day electronic monitoring sanction and the three-year felony sentence in Case No. 11CR1078.

**{¶9}** "However, there is no inherent right to be conditionally released before the expiration of a valid sentence. *State ex rel. Hattie v. Goldhardt,* 69 Ohio St.3d 123, 125, 630 N.E.2d 696, 1994-Ohio-81, citing *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668. Furthermore, even when the OAPA has informed an inmate of its decision to grant parole, the inmate has no protected liberty interest in parole before his actual release. *Festi v. Ohio Adult Parole Auth.,* 10th Dist. No. 04AP-1372, 2005-Ohio-3622, ¶ 16."

**{¶10}** *Brown v. Ohio Adult Parole Auth.,* 10th Dist. No. 09AP-797, 2010-Ohio-872, ¶ 8.

**{¶11}** Turning to Relator's equal protection claim, he presents that claim under a "class of one" theory. In order to bring a successful claim under a "class of one" theory, one must allege that they have been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of*

*Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Here, Relator has not alleged any facts that would support the notion that he was treated differently from those similarly situated. Moreover, there is a rational basis in continuing Relator's incarceration for his conviction in Case No. 95CR589. The rationale put forth in the parole board's decision succinctly explains that rational basis:

> The offender was on parole supervision for the underlying offense less than a year when he was arrested and later convicted of new felony charges. While the offender has completed some programming to address his risk to reoffend, his insight remains somewhat limited. He has not accumulated any conduct reports since his return. After considering all relevant factors, a majority of the board determined the offender is not suitable for release and assessed a 36 month continuance.

{¶12} In sum, Relator has failed to demonstrate any violations of double jeopardy, due process, and equal protection. Therefore, he has failed to show a clear legal right to the relief sought.

{¶13} Relator's petition for a writ of mandamus is dismissed.

{¶14} Costs taxed to Relator.

DeGenaro, J., concurs.

Donofrio, P. J., concurs.

Waite, J., concurs.