**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Clark v. Adult Parole Auth.,* **Slip Opinion No. 2017-Ohio-8391.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8391

CLARK, APPELLANT, *v.* ADULT PAROLE AUTHORITY, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Clark v. Adult Parole Auth.,* Slip Opinion No. 2017-Ohio-8391.]

*Mandamus—Parole—Appellant failed to show double-jeopardy, due-process, or equal-protection violations—Court of appeals' dismissal of petition for writ affirmed.*

(No. 2016-1036—Submitted May 16, 2017—Decided November 2, 2017.)

APPEAL from the Court of Appeals for Belmont County,

No. 16 BE 0005, 2016-Ohio-3383.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Seventh District Court of Appeals dismissing the petition of appellant, Leodius Clark, for a writ of mandamus.

{¶ 2} Clark was indicted on multiple felonies, including aggravated burglary, kidnapping, and involuntary manslaughter, in Mahoning County case No.

95 CR 589. He was convicted and sentenced to an indefinite term of 8 to 25 years in prison. On February 15, 2011, Clark was paroled and released.

{¶ 3} In August 2011, he was arrested on new charges involving drug trafficking and receiving stolen property, in Mahoning County case No. 11 CR 1078. His parole officer found him in violation of his parole and imposed the following sanctions, effective September 29, 2011: 90 days of electronic monitoring, residence at an address approved by the Ohio Adult Parole Authority ("APA"), reporting to his parole officer as ordered, and compliance with all court orders on the new charges. On September 28, he was granted bond in order to complete the sanctions. On March 22, 2013, Clark was sentenced to a definite prison term of three years on the new charges.

{¶ 4} On December 22, 2015, the APA held a hearing regarding case No. 95 CR 589. The APA determined that Clark was not suitable for release and assessed a 36-month continuance. Clark requested reconsideration, which the APA denied.

{¶ 5} On March 4, 2016, Clark filed an original action in the Seventh District Court of Appeals seeking a writ of mandamus against the APA. He argued that his parole officer had already imposed punishment for the parole violation when he subjected Clark to 90 days of electronic monitoring and that the parole board's decision to keep him in prison for another 36 months for the same violation therefore violated the Double Jeopardy Clause. He also asserted due-process and equal-protection violations and asked the court of appeals to order the APA to reinstate his parole.

{¶ 6} On June 13, 2016, the court of appeals dismissed Clark's action, holding that he had not received multiple punishments and that he had failed to demonstrate any constitutional injury. 2016-Ohio-3383, ¶ 8, 12.

{¶ 7} Clark timely appealed and filed a brief on the merits. The state filed its brief, and Clark filed a reply brief. Clark filed a motion for leave to supplement

2

his reply brief on March 27, 2017, and the state filed a memorandum opposing the motion.

{¶ 8} Clark filed his motion for leave for two stated purposes. First, he wishes to present additional argument, supported by additional evidence. But S.Ct.Prac.R. 16.08 prohibits supplementation of merit briefs except in rare circumstances that Clark has not alleged exist in this case. Second, he wishes to discuss *Johnson v. Smith*, 3d Dist. Marion No. 9-09-04, 2009-Ohio-1914, which his merit and reply brief do not address. Supplemental authority, as contemplated by S.Ct.Prac.R. 16.08, is relevant authority "issued after the deadline has passed for filing a party's merit brief." *Johnson*, issued in April 2009, does not qualify.

{¶ 9} We therefore deny Clark's motion for leave to supplement his reply brief.

{¶ 10} Proceeding to the merits of the appeal, we note that Clark is now challenging the jurisdiction of the Seventh District to hear the mandamus complaint he himself filed there. He argues that in suits against the APA, venue is proper only in Franklin County, citing *State ex rel. Bobbitt v. Adult Parole Auth.*, 8th Dist. Cuyahoga No. 91341, 2008-Ohio-3046. He contends that the Seventh District should have transferred the case to Franklin County, as occurred in *Bobbitt*.

{¶ 11} Venue, unlike jurisdiction, is an affirmative defense, which a defendant may waive. Civ.R. 3(C)(1) and 12(H)(1). The APA did not raise the defense in this case. And Clark has cited no authority for the proposition that the party who chooses the forum can later assert improper venue after receiving an adverse ruling on the merits.

{¶ 12} Clark also asserts that the APA's imposition of an additional 36 months' incarceration after he was already subjected to 90 days of electronic monitoring amounted to a violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions. He maintains that he received two punishments for a single offense—his parole violation.

{¶ 13} The protection provided by the Ohio Constitution's Double Jeopardy Clause is coextensive with that provided by the Double Jeopardy Clause of the United States Constitution. *State v. Gustafson*, 76 Ohio St.3d 425, 432, 668 N.E.2d 435 (1999). The state is prohibited from putting a person " 'twice * * * in jeopardy for the same offense.' " *Id.*, quoting Ohio Constitution, Article I, Section 10. But the Double Jeopardy Clauses prohibit only multiple *criminal* punishments for a single offense. *Hudson v. United States*, 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), citing *Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S.Ct. 630, 82 L.Ed. 917 (1938); *State v. Martello*, 97 Ohio St.3d 398, 2002-Ohio-6661, 780 N.E.2d 250, ¶ 8. In *Martello*, we considered the double-jeopardy implications of incarceration following a violation of postrelease-control conditions. We concluded that "jeopardy does not attach when a defendant receives a term of incarceration for the violation of conditions of postrelease control. Such a term of incarceration is attributable to the original sentence and is not a 'criminal punishment' for Double Jeopardy Clause purposes * * *." *Id.* at ¶ 26; *see also Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Likewise, the sanctions imposed for Clark's parole violation were not criminal punishments. The Double Jeopardy Clauses were not violated by the sanctions imposed for his parole violation.

{¶ 14} Next, Clark argues that once his parole officer had imposed sanctions against him, the APA no longer had jurisdiction to hold a parole hearing and it therefore violated his due-process rights by doing so. He bases this claim on Ohio Adm.Code 5120:1-1-18(B), which provides, in relevant part, that if a parole-board member or hearing officer decides to order an offender reincarcerated for a parole violation, that decision "shall constitute the official and final determination of the adult parole authority to revoke release, unless the decision is reversed by the chief of the adult parole authority." But by its terms, Ohio Adm.Code 5120:1-

1-18(B) applies only if the *parole officer* orders reincarceration, which did not happen in this case.

{¶ 15} Finally, Clark alleges an equal-protection violation under the theory that he constitutes a "class of one." An equal-protection claim may be brought on behalf of a class of one when "the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Clark's mandamus petition alleges neither of these mandatory elements.

{¶ 16} Accordingly, we deny Clark's motion for leave to supplement his reply brief and affirm the judgment of the court of appeals.

Motion denied

and judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Leodius Clark, pro se.

Michael DeWine, Attorney General, and Jocelyn K. Lowe and Kelly N. Brogan, Assistant Attorneys General, for appellee.

_____