PER CURIAM.
{¶1} Relator Leodius Clark, proceeding on his own behalf, has filed a petition for a writ of mandamus against Respondent Mahoning County Common Pleas Court Clerk of Courts requesting that we compel it to forward to him all of his commitment papers pursuant to the Public Records Act so that he can prepare a state habeas corpus action. Although the latin abbreviation et al. follows Respondent in the caption of Relator's petition, he does not expressly *1001 identify any other respondents. An assistant prosecuting attorney of the Mahoning County Prosecutor's Office, Respondent's legal representative, has filed a combined answer and motion to dismiss.
{¶2} For contextual purposes, Relator's background information is taken nearly verbatim from Relator's previous original action in mandamus before this Court in Clark v. Ohio Adult Parole Auth. , 7th Dist. No. 16 BE 0005, 2016-Ohio-3383, 2016 WL 3224685. In Mahoning County Common Pleas Court Case No. 1995 CR 00589, Relator pleaded guilty to aggravated burglary, two counts of kidnapping, complicity to commit aggravated robbery, and involuntary manslaughter with each offense carrying an attendant firearm specification. On May 28, 1996, the trial court sentenced Relator to an indefinite term of 8 to 25 years in prison. Relator was paroled approximately 14 ½ years later on February 15, 2011.
{¶3} While on parole, Relator was arrested on new felony charges of heroin possession, heroin trafficking, and illegal possession of WIC benefits in Mahoning County Common Pleas Court Case No. 2011 CR 01078. According to Relator, as a result of that arrest, he was sanctioned by Respondent on September 29, 2011, to 90 days of electronic monitoring. After pleading guilty to the new felony charges, the trial court sentenced Relator on March 22, 2013, to a three-year term of incarceration.
{¶4} On December 22, 2015, shortly before he was to be released for the three-year term he was sentenced to for Case No. 2011 CR 01078, the Ohio Adult Parole Authority held a hearing regarding Relator's sentence for Case No. 1995 CR 00589. Based on Relator having incurred new felony charges after he had been released on parole in 2011, Respondent determined that Relator was not suitable for release and ordered a three-year continuance of the 8- to 25-year term of incarceration he received in Case No. 1995 CR 00589.
{¶5} In 2016, Relator filed in this Court a petition for a writ of mandamus, arguing that the Ohio Adult Parole Authority had sanctioned him twice for the same offense. He claimed this resulted in violations of double jeopardy, due process, and equal protection. This Court undertook a substantive review of Relator's constitutional claims and concluded he had failed to demonstrate any violations of double jeopardy, due process, or equal protection. Clark v. Ohio Adult Parole Auth. , 7th Dist. 16 BE 0005, 2016-Ohio-3383, 2016 WL 3224685, ¶ 12, aff'd sub nom. Clark v. Adult Parole Auth. , 151 Ohio St.3d 522, 2017-Ohio-8391, 90 N.E.3d 909, ¶ 12 (2017).
{¶6} Turning to Relator's present petition for writ of mandamus, a writ of mandamus is an extraordinary remedy which should be exercised by this Court with caution and issued only when the right is clear. State ex rel. Brown v. Ashtabula Cty. Bd. of Elections , 142 Ohio St. 3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) relator has no adequate remedy at law. State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections , 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.
{¶7} In invoking the Public Records Act, R.C. 149.43 et seq., Relator argues Respondent is under a duty to send to him all of his pertinent commitment papers so that he can prepare a state habeas corpus cause of action. Relator relies specifically on R.C. 149.43(B)(8) and R.C. 149.43(C).
{¶8} Preceding subsection (B)(8) of R.C. 149.43, is subsection (B)(1) which, in general, provides that when a person makes a *1002 request for public records, the public office or person responsible for the public records shall promptly prepare the documents and make them available for inspection by the requestor at all reasonable times during regular business hours. Or, as here, if a requestor requires copies of the documents, the public office "shall make copies of the requested public record[s] available at cost and within a reasonable period of time."
{¶9} R.C. 149.43(C) provides that a person who allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to them for inspection in accordance division (B) may pursue an action for denial of access to public records under R.C. 2743.75 by filing a complaint with the clerk of the court of claims or the clerk of the court of common pleas, or commence a mandamus action, as Relator has done here.
{¶10} Specifically concerning the duty requirement for a mandamus action, R.C. 2303.08 sets forth the general duties of the clerk of the court of common pleas:
The clerk of the court of common pleas shall indorse on each pleading or paper in a cause filed in the clerk's office the time of filing, enter all orders, decrees, judgments, and proceedings of the courts of which such individual is the clerk, make a complete record when ordered on the journal to do so, and pay over to the proper parties all moneys coming into the clerk's hands as clerk. The clerk may refuse to accept for filing any pleading or paper submitted for filing by a person who has been found to be a vexatious litigator under section 2323.52 of the Revised Code and who has failed to obtain leave to proceed under that section.
{¶11} Additionally, R.C. 2303.08 states "[t]he clerk of the court of common pleas shall file together and carefully preserve in his office all papers delivered to him for that purpose in every action or proceeding."
{¶12} As the aforementioned statutes illustrate, Respondent has a legal duty to provide access to these public records for inspection to any person at all reasonable times per R.C. 149.43(B). In applying and interpreting this section, this Court, on June 24, 1999, held the clerk of courts does not have a legal duty to mail copies of public records to the person requesting them. State ex rel. Hudson v. Vivo , 7th Dist. No. 99-CA-87, 1999 WL 436724, *2-3, (June 24, 1999), citing State v. Fenley v. Ohio Historical Soc. , 64 Ohio St.3d 509, 597 N.E.2d 120 (1992), State ex rel. Nelson v. Fuerst , 66 Ohio St.3d 47, 607 N.E.2d 836 (1993) and State ex rel. Iacovone v. Kaminski , 81 Ohio St.3d 189, 690 N.E.2d 4 (1998).
{¶13} Subsequent to this Court's decision in Hudson , the General Assembly enacted Am.Sub.S.B. No. 78, effective December 16, 1999, amending R.C. 149.43(B) to require a public office to transmit copies of a public record through the United States mail if so requested, but adding that the public office or person responsible for the public record may require the person making the request to pay in advance the cost of postage and other supplies used in the mailing. R.C. 149.43(B)(1), (6), and (7)(a). R.C. 149.43(B)(7)(b) provides "[a]ny public office may adopt a policy and procedures that it will follow in transmitting, within a reasonable period of time after receiving a request, copies of public records by United States mail * * *." In this instance, the Court takes judicial notice of Respondent's public records request policy which is consistent with what the Public Records Act mandates and allows, and *1003 states in relevant part: "Requesters may ask that documents be mailed to them. They will be charged the actual cost of the postage and mailing supplies. Costs must be paid in advance prior to transmission."
{¶14} It is worth mentioning here that Relator is requesting copies of the documents be mailed to him in prison, implicitly at no cost to him; he has not alleged prepayment of costs associated with the request in compliance with Respondent's policy which is consistent with R.C. 149.43(B)(1), (6) and (7)(a). The Ohio Supreme Court has expressly held R.C. 149.43 does not require a public-records custodian to provide copies of records free of charge; instead, the Public Records Act requires only that copies of public records be made available at cost. R.C. 149.43(B)(1) ; State ex rel. Edwards v. Cleveland Police Dept. , 116 Ohio App.3d 168, 169, 687 N.E.2d 315 (1996) ; State ex rel. Dehler v. Mohr , 129 Ohio St.3d 37, 2011-Ohio-959, 950 N.E.2d 156, ¶ 3 (2011) (affirming court of appeals dismissal of mandamus action based upon relator's refusal to submit prepayment for their cost).
{¶15} Not long after adding the mailing provision to the Public Records Act, the General Assembly amended R.C. 149.43(B) again, setting forth heightened requirements for a person who is incarcerated pursuant to a criminal conviction seeking public records:
A public office or person responsible for public records is not required to permit a person who is incarcerated pursuant to a criminal conviction or a juvenile adjudication to inspect or to obtain a copy of any public record concerning a criminal investigation or prosecution or concerning what would be a criminal investigation or prosecution if the subject of the investigation or prosecution were an adult, unless the request to inspect or to obtain a copy of the record is for the purpose of acquiring information that is subject to release as a public record under this section and the judge who imposed the sentence or made the adjudication with respect to the person, or the judge's successor in office, finds that the information sought in the public record is necessary to support what appears to be a justiciable claim of the person.
1999 H.B. 471, effective July 1, 2000, adopted as former R.C. 149.43(B)(4) and later moved, verbatim, to current R.C. 149.43(B)(8) with the passage of Sub. H.B. No. 9, effective September 29, 2007.
{¶16} The Second District clearly explained R.C. 149.43(B)(8)'s heightened requirements for inmates as a predicate to seeking mandamus relief:
Thus, although any member of the public may file a mandamus to compel, for example, a county clerk, to release public records, an inmate must first obtain a "finding" from his or her sentencing judge that the documents are "necessary to support a justiciable claim or defense" before making the request to the public official or office, who must then refuse, before the inmate may file a mandamus. Inmates who file mandamus petitions demanding alleged public records have their petitions routinely dismissed due to their failure to obtain the required finding from their sentencing judge. This is understandable in cases where the inmate seeks a mandamus to compel a county clerk or other governmental office to act, without first obtaining permission from the sentencing judge. See, Watson v. Foley, 2d Dist. No. CA20970, 2005-Ohio-2761 [2005 WL 1322572] (clerk of court); State ex rel. Cohen v. Mazeika, 11th Dist. No.2004-L-048, 2004-Ohio-3340 [2004 WL 1433696] (clerk of court);
*1004 State ex rel. Becker v. Ohio State Highway Patrol, 10th Dist. No. 02AP-918, 2003-Ohio-1450 [2003 WL 1497520].
State ex rel. Rittner v. Barber , 6th Dist. No. F-05-020, 2006-Ohio-592, 2006 WL 307695, ¶ 14.
{¶17} R.C. 149.43(B)(8) clearly delineates two preliminary requirements which a prison inmate must meet before their mandamus action can go forward. Therefore, a mandamus petition before an appellate court will be subject to dismissal when an inmate has not alleged: (1) they have filed a request for the records with the trial judge who sentenced them in the underlying case; and (2) the trial judge has issued a decision stating that access to the public records is necessary for the relator to support a justiciable claim. Holder v. Chester Twp. , 11th Dist. No. 2002-G-2461, 2002-Ohio-7168, 2002 WL 31862205, ¶ 6.
{¶18} Relator has attached to his petition a copy of a motion requesting a justiciable determination pursuant to R.C. 149.43(B)(8) including to the right of the case caption Mahoning County Common Pleas Court Case No. 2011 CR 01078 (although the motion itself identifies both aforementioned trial court case numbers). A review of the docket in Mahoning County Common Pleas Court Case No. 2011 CR 01078, indicates the motion was filed on July 6, 2018. However, Relator has not included with his mandamus petition a decision issued by the trial judge stating that access to the public records is necessary for him to support a justiciable claim.
{¶19} Based upon Relator's apparent unwillingness to comply with R.C. 149.43(B)(1)'s requirement that he pay the costs associated with his public records request and his failure to attach to his petition a decision issued by the trial judge stating that access to the public records is necessary for him to support a justiciable claim, Respondent's motion to dismiss is granted.
{¶20} Relator's petition for a writ of mandamus is denied. Final Order. Costs taxed against Relator. Clerk to serve a copy of this order to the parties as provided by the civil rules.
JUDGE GENE DONOFRIO, Concurs.
JUDGE CHERYL L. WAITE, Concurs.
JUDGE CAROL ANN ROBB, Concurs.