[Cite as *State v. Housley*, 2020-Ohio-4489.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-1 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-348 |
| | : | |
| TIMOTHY H. HOUSLEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 18th day of September, 2020.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. No. 0090868, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, Safety Building, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

TIMOTHY H. HOUSLEY, #A730-882, P.O. Box 209, Orient, Ohio 43146
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Timothy H. Housley appeals pro se from the trial court's February 5, 2020 order denying his pro se motion to stay fines and court costs. We hereby affirm the judgment of the trial court.

{¶ 2} Housley was indicted on June 23, 2016, on two counts of trafficking in drugs, one count of illegal manufacture of drugs, and two counts of possession of drugs. On October 28, 2016, Housley pled guilty to one count of trafficking in drugs, in violation of R.C. 2925.03(A)(2)/(C)(7)(e), a felony of the second degree, and two counts of possession of drugs, in violation of R.C. 2925.11(A)/(C)(7)(e), felonies of the third degree. On November 30, 2016, he was sentenced to an aggregate term of five years. The trial court's sentencing entry stated that Housley was "to pay the costs herein" and that "no fines [were] due" because he was indigent.

{¶ 3} Housley filed a motion to stay fines and costs on January 29, 2020. Housley asserted that the trial court had found him indigent, that the clerk of courts' actions to collect fines were "vindictive and vi[o]late[d] the order of the Court," and that the court's order could "only be reevaluated upon the financial stat[u]s change of the defendant." Housley asserted that, when he is released from prison and obtains employment, he "will follow any court order to pay any cost that the [court] deems necessary at that juncture. But as of this moment the defendant is unable to pay any cost to the court," and he asked the court "to comply with the judgment entry."

{¶ 4} In denying his motion, the trial court noted that the record of the case showed that no fine was imposed, and the clerk had issued a bill for costs. The court concluded that Housley had not shown good cause to stay the action of the clerk to collect court costs.

{¶ 5} Housley asserts the following assignment of error:

THE COURT ABUSED ITS DISCRETION IN IT'S [SIC] FEBRUARY 5, 2020 RULING WHEN IT ALLOWED THE CLERK OF COURT TO ARBITRARILY TAKE ACTION THAT WAS CONTRARY TO IT'S [SIC] COURT RULING HANDED DOWN ON NOVEMBER 30, 2016.

{¶ 6} Housley asserts that, in January 2020, the clerk of court notified him that he had to pay a bill. He argues that the clerk "disobeyed" an order of the court and should be held in "contempt." According to Housley, "[f]or the clerk to take action against a court determination, the Court was required to hold a hearing to determine whether the defendant is able to pay financial sanctions or court costs." Housley also asserts that the court and the clerk "are taking vindictive predatory actions" against him.

{¶ 7} Attached to Housley's brief were: the trial court's November 30, 2016 entry imposing sentence; the trial court's entry denying Housley's motion to stay fines and costs; and a Final Entry issued by this Court in a prior appeal related to forfeiture of property seized in connection with Housley's case. *See State v. Housley*, 2d Dist. Miami No. 2018-CA-4, 20180Ohio-4140. That entry stated:

Pursuant to the opinion of this court rendered on the 12th day of October, 2018, the judgment of the trial court denying Appellant's motion for return of property is affirmed in part and reversed in part. The judgment is reversed as to the trial court's finding about its authority to order return of the safe, and the cause is remanded for further proceedings on that issue. In all other respects, the trial court's judgment is affirmed.

Costs to be paid as follows: 50% by the State of Ohio and 50% by

the Appellant.

{¶ 8} In its brief, the State responds that the trial court's order was not contrary to law.

{¶ 9} We initially note that "a major distinction between fines and costs exists." *Strattman v. Studt*, 20 Ohio St.2d 95, 102, 253 N.E.2d 749 (1969). "[C]osts are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system," while fines "serve a punitive, retributive, or rehabilitative purpose." *Id.* As noted above, in its sentencing entry, the trial court did not impose a fine due to Housley's indigence, but it ordered him to pay court costs.

{¶ 10} In *State v. Taylor*, Ohio Slip Opinion No. 2020-Ohio-3514, __ N.E.3d __, the Supreme Court of Ohio recently held that a "trial court was not required to consider a defendant's ability to pay when ruling on a motion to waive, suspend, or modify court costs" and that "Ohio's statutory scheme was not constitutionally infirm because it did not require a court to consider a defendant's present or future ability to pay when ruling on a motion to waive, suspend, or modify court costs." *Id.* As such, the trial court was not required to hold a hearing on Housley's ability to pay.

{¶ 11} Further, the "bill" which Housley asserts the clerk of courts ordered him to pay is not part of the record before us, and we cannot review it. Therefore, we conclude that Housley's assigned error lacks merit, and it is overruled.

{¶ 12} The order of the trial court overruling Housley's motion to stay fines and costs is affirmed.

. . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Paul M. Watkins
Timothy H. Housley
Hon. Jeannine N. Pratt