[Cite as *State v. Harris*, 2025-Ohio-1750.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-240529 |
| | | C-240597 |
| Plaintiff-Appellee, | : | TRIAL NO. B-9106789-A |
| vs. | : | |
| LIONEL HARRIS, | : | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeals, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for these appeals, allows no penalty, and does not assess costs against appellant as he is indigent.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 5/16/2025 per order of the court.**

**By:**_____
      **Administrative Judge**

[Cite as *State v. Harris*, 2025-Ohio-1750.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. | C-240529 |
| | | | C-240597 |
| Plaintiff-Appellee, | : | TRIAL NO. | B-9106789-A |
| vs. | : | | |
| LIONEL HARRIS, | : | | |
| | | *O P I N I O N* | |
| Defendant-Appellant. | : | | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: May 16, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Jon Vogt*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Lionel Harris,* pro se.

**BOCK, Judge.**

**{¶1}** In these consolidated appeals, defendant-appellant Lionel Harris appeals the judgment of the Hamilton County Court of Common Pleas denying his motion to correct the record. For the following reasons, we affirm.

## I. Factual and Procedural History

**{¶2}** In 1992, after a jury trial, Harris was convicted of aggravated murder in connection with the shooting death of his wife. The trial court sentenced him to life in prison, with parole eligibility after serving 20 years, and fined him $25,000. Although the trial court did not orally inform Harris of court costs at his sentencing hearing, the judgment entry of conviction imposed the mandatory court costs. Mr. Harris paid the court costs in 1992. He unsuccessfully challenged his conviction in a direct appeal, and, notably, he did not raise any error involving his sentence. *See State v. Harris*, No. C-920151 (1st Dist. Feb. 25, 1994) ("*Harris I*").

**{¶3}** In 2013, Harris, through original actions, unsuccessfully challenged the propriety of his sentencing entry, signed by a different judge (Judge Nurre) than the one who had presided over his trial and sentencing hearing. We dismissed the petitions. The Ohio Supreme Court affirmed our dismissal, characterizing Judge Nurre's act of signing the sentencing entry as a nondiscretionary, ministerial act, because he "merely journalized th[e] sentence without alteration." *See State ex rel. Harris v. Hamilton Cty. Court of Common Pleas*, 2014-Ohio-1612, ¶ 10 ("*Harris II*").

**{¶4}** In 2021, Harris filed in this court an action for writs of mandamus and procedendo, seeking orders requiring the trial court to vacate his sentence and resentence him and the clerk of courts to return funds that he had paid for his fine and court costs. We dismissed his action for failure to state a claim upon which relief could be granted. The Ohio Supreme Court affirmed this court's judgment, holding that even

if Harris were correct that the costs and fine were improperly imposed based on the trial court's failure to pronounce those terms at the sentencing hearing, this would not render Harris's sentence void and subject to collateral attack because the trial court had jurisdiction over Harris and the subject matter at the time the sentence was rendered. *State ex rel. Harris v. Hamilton Cty. Clerk of Courts*, 2022-Ohio-477, ¶ 7-8 ("*Harris III*"). In other words, Harris's challenges to his sentence were barred by res judicata.

{¶5} In 2022, Harris moved to vacate his court costs and fines under R.C. 2947.23. With respect to court costs, this court held that the trial court lacked jurisdiction under R.C. 2947.23(C) to order the reimbursement of court costs already paid. *State v. Harris*, 2023-Ohio-506, ¶ 5 ("*Harris IV*"), citing *State v. Braden*, 2019-Ohio-4204, ¶ 30 (holding that R.C. 2947.23(C) does not compel or allow a trial court to order reimbursement of court costs already paid).

{¶6} In 2023, Harris, citing Crim.R. 36, filed a motion to correct the record via a nunc pro tunc entry, asking the trial court to remove the line from the sentencing entry that reads "Pay Costs." Harris argues that because he was not informed that he would have to pay court costs at the sentencing hearing, the order to "pay costs" in the sentencing entry was a "clerical error" subject to correction by a nunc pro tunc entry. The common pleas court summarily denied his motion. Harris now appeals.

## II. Analysis

{¶7} In his single assignment of error, Harris argues that the common pleas court abused its discretion by denying his motion to correct the record. He contends that there is no dispute that the judge presiding over the sentencing hearing did not inform Harris that he would have to pay court costs, and thus, the judgment entry of conviction ordering him to pay costs should be corrected to reflect that court costs

4

were not imposed at the sentencing hearing. We disagree.

**{¶8}** It is well settled that courts possess the authority to correct errors in judgment entries so that the record speaks the truth. *State v. Lester*, 2011-Ohio-5204, ¶ 18. But errors subject to correction under Crim.R. 36 "include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *Id.* The decision to remove a court's order to pay court costs involves a legal decision. But even if this was an error that could be corrected via a nunc pro tunc entry under Crim.R. 36, we still cannot say that the common pleas court abused its discretion in denying Harris's motion.

**{¶9}** Appellate courts may reverse a trial court's judgment only when there is *prejudicial* error. (Emphasis added.) *See* App.R. 12(D); *State v. Glick*, 2007-Ohio-4104, ¶ 7 (9th Dist.) (Because appellant had not asserted that he suffered prejudice as a result of the trial court's order, the court did not reverse the judgment.); *State v. Sinclair*, 2020-Ohio-4860, ¶ 48 (5th Dist.) (for a reviewing court to reverse a judgment, the appellant must show prejudicial error). Here, Harris has not demonstrated how the lower court's judgment denying his request to correct the record causes him to suffer any prejudice. First, presuming court costs were improperly imposed, this court has already held that the trial court has no jurisdiction to order the clerk of courts to reimburse Harris for court costs he has already paid. *See Harris IV*, 2023-Ohio-506, at ¶ 5 (1st Dist.). Second, to the extent that Harris is contending that his sentence is contrary to law due to the imposition of court costs, that argument is barred by res judicata given the Ohio Supreme Court has already held that the sentencing court had subject-matter and personal jurisdiction over Harris. *See Harris III*, 2022-Ohio-477, at ¶ 7-8. If a court has subject-matter and personal jurisdiction over a defendant, any sentencing error is voidable and any challenge to a

5

voidable sentence must be raised on direct appeal or it is barred by res judicata. *State v. Harper*, 2020-Ohio-2913, ¶ 43. Third, issuing a nunc pro tunc sentencing entry does not create a "new" final, appealable order, such that Harris could file a second direct appeal and challenge the imposition of the fine in the sentencing entry (Harris has unsuccessfully attempted to challenge his fine in several postconviction cases). *See State Bonnell*, 2014-Ohio-3177, ¶ 30, citing *State v. Lester*, 2011-Ohio-5204, ¶ 20.

{¶10} Accordingly, we hold that the common pleas court did not abuse its discretion by denying Harris's motion to correct the record. *State v. Schiebel*, 55 Ohio St.3d 71, 82 (1990) (appellate court reviews denial of a motion to correct the record for an abuse of discretion).

### III. Conclusion

{¶11} App.R. 12(D) provides that a judgment or final order of a trial court may be reversed upon a finding that the appellant suffered prejudice because of the assigned error. And Harris has not argued how he was prejudiced by the court's alleged error in denying his motion to correct the record. Because Harris did not demonstrate prejudicial error from the lower court's denial of his motion, we overrule his single assignment of error and affirm the common pleas court's judgment.

Judgment affirmed.

**KINSLEY, P.J.,** and **CROUSE, J.,** concur.